

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

Sumit S__
*Assistant Corporation Coun__*
ssud@law.nyc__
(212) 788-10__
(212) 788-9776 (f__)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/11/08
```

July 10, 2008

**BY FAX (212) 805-7941**
The Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Peal Street
New York, New York 10007

      Re:  Carzoglio v. City of New York et al.
           08 Civ. 05597(LAP)

Your Honor,

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the above-referenced matter. I write to respectfully request that defendant City of New York be granted an enlargement of time from the present date until September 8, 2008, to answer or otherwise respond to plaintiff's complaint. Plaintiff's counsel Enrico Demarco, Esq., consents only to a thirty day enlargement of time. However, defendants contend that a sixty day enlargement until September 8, 2008, will not prejudice the plaintiff for the reasons set forth below. This is defendant City's first request for an enlargement of time to answer.

    There are several reasons for seeking an enlargement of time. In accordance with this office's obligation under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. Plaintiff alleges that, on or about December 23, 2006, he was falsely arrested by members of the New York City Police Department for unlawful possession of a firearm. As a result of the arrest, plaintiff alleges that the New York State Department of Parole was notified and lodged a detainer against plaintiff, prohibiting his release from prison. Plaintiff also alleges that he was maliciously prosecuted to the extent that the charges against him were subsequently dismissed by the District Attorney's Office on June 25, 2007. To that end, this office is in the process of forwarding to plaintiff for execution an N.Y.C.P.L. §160.50 release so that we can access the sealed records from plaintiff's underlying

criminal prosecution, including the Criminal Court file, the District Attorney's file, and even our own police records.

Further, assuming plaintiff effects timely service on the individual defendants, the extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent the individually named defendants. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985)) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).

Accordingly, defendant City of New York respectfully requests that its time to respond to the complaint be extended until September 8, 2008. Thank you for your consideration of this request.

SO ORDERED

*Loretta A. Preska*
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

July 11, 2008

Respectfully submitted,

Sumit Sud (SS 2781)
Assistant Corporation Counsel

cc: Enrico DeMarco, Esq.
    Plaintiff's Counsel (By First Class Mail and Email)